Filed at __11:15 A__ M
DATE __2-6-14__
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 4:14-CR-1 (CDL) |
| v. | |
| DAYO OBEBE | VIOLATION: 26 U.S.C. § 7201 |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and DAYO OBEBE hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Information against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence. The Defendant further waives his right to have this matter presented to the grand jury and consents to being charged by Information.

(2)

The Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the Government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the

1

10798981 1

Government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. The Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, as follows:

A. The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Information.

2


10798981 1

i.  Count One charges Defendant with tax evasion, to-wit: willfully attempting to evade and defeat a significant part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2006 by committing the following acts, among others:

a.  Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, IRS Form 1040, on behalf of himself and his spouse, which tax return was filed with the Internal Revenue Service, stating that their joint taxable income for the calendar year 2006 was $192,487 and that the amount of tax due and owing thereon was $43,543 when, in fact, as defendant then and there well knew and believed, their joint taxable income for the calendar year 2006 was significantly more than the amount reported on the tax return and their joint tax due and owing to the United States of America was significantly more than the amount reported on the tax return; and

b.  On or about January 31, 2008, intentionally concealing material facts from an IRS Revenue Agent during an audit of said tax return by falsely representing to the Revenue Agent that he accurately reported his income when, in fact, he knew he did not accurately report his income; all in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

B.  That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to:

3

i.  A term of imprisonment which may not be more than five (5) years, a fine not to exceed either $250,000, or twice the gross gain to the defendant or the gross loss to any person other than the defendant, or both a fine and imprisonment; a term of supervised release of no more than 3 years; restitution; and an assessment fee of $100.00.

C.  The Defendant agrees to pay restitution to the IRS in the amount of $189,661 and consents to the entry of an order of restitution against him pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the amount of restitution shall include all loss suffered from the Defendant's conduct and not just the loss related to the specific count of conviction. The Defendant agrees that the Court will ultimately determine the full amount of restitution after the preparation of a presentence report by the Probation Officer, pursuant to 18 U.S.C. § 3664.

D.  The parties understand that the Defendant will receive proper credit toward his outstanding tax liabilities for the payments made pursuant to this agreement. Nothing in this agreement shall limit the IRS in its ability to examine, to make further determinations, to assess, or to collect any additional taxes, penalties or interest due from the Defendant for the time period(s) covered by this agreement, which include 2004, 2005, and 2006. The Defendant agrees that this agreement, or any judgment, order, release or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period. The Defendant understands that he is not entitled to credit with the IRS for any payment

4



sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by as pertaining to his particular liability.

E.  The Defendant understands that, pursuant to 26 U.S.C § 6201(a)(4), the IRS may use the restitution order in this case as the basis for a civil tax assessment. The Defendant does not have the right to challenge this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a payment schedule in this case nor the Defendant's timely payments according to the schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. The Defendant agrees to cooperate with the IRS in its civil examination, determination, assessment, and collection of income taxes related to his 2004, 2005, and 2006 tax returns and that 26 U.S.C. § 6501(c)(1) applies to those periods, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest.

F.  The Defendant agrees to provide the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further agrees not to challenge the imposition of any penalties for tax years 2004, 2005, and 2006, including, but not limited to, penalties imposed under 26 U.S.C. § 6663. The Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that the Court orders him to pay as restitution. The Defendant also agrees to sign IRS Form 8821, "Tax Information

5



Authorization." Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement. Defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the Defendant's taxes, interest, and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution.

G.  The Defendant agrees that any statements made by him to the IRS and/or in this agreement shall be admissible against the Defendant without any limitation in any civil or criminal proceeding and the Defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the Defendant to the IRS.

H.  The Defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the Defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the Defendant be released from the agreements and waivers made by him in this and the preceding four paragraphs.

I.  The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court for the Middle

6


10798981.1

District of Georgia. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

    1. Defendant's name and Social Security number;

    2. The District Court docket number assigned to this case;

    3. A statement that the payment is being submitted pursuant to the District Court's restitution order.

J.    The Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS at the following address: IRS-RACS, Attention: Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO 64108. The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at that address.

K.    The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

The Defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the

7



advisory guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct advisory guideline range.

L.   The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

M.   Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

N.   Defendant agrees to provide payment for the mandatory assessment at the time of sentencing.

O.   The Defendant understands that ordinarily, Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of



10798981 1

Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

The Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

P.    The Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

A.    That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges known to the United States Attorney for the Middle District of Georgia at the time of

10798981.1

Defendant's guilty plea, which might have been brought solely in this district or other districts against the Defendant.

B.   If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range.  But the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion.  The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney or Department of Justice Trial Attorney, concerning any plea to be entered in this case.  In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

10



(7)

The Defendant and the United States agree that, although not binding on the United States Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    A)     Part T (Offenses Involving Income Taxes) of the U.S. Sentencing Guidelines is applicable;

    B)     the total intended loss to the Government is between $80,000 and $200,000 (U.S.S.G. §§ 2T1.1(a)(1); 2T4.1(F));

The United States and the Defendant make no agreement with respect to any provision of the U.S. Sentencing Guidelines not explicitly indicated in this agreement.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Facts. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6 B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report to determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt with admissible evidence at a trial:

The Defendant, DAYO OBEBE, is a University of Pennsylvania educated dentist with dental offices in Columbus, Georgia, and Brent, Alabama. Prior to the 2004 tax year, Defendant properly prepared and filed his federal income tax returns with the

11

assistance of a tax preparer. After filing his 2003 federal individual income tax return, Defendant began separating gross receipts from his dental practice by placing credit card payments into a separate bank account from other cash and check receipts. Defendant also changed accountants after filing his 2003 federal income tax return and retained a new accountant. This accountant prepared the Defendant's 2004, 2005, and 2006 federal income tax returns.

Defendant intentionally concealed from his new accountant and from the IRS all income he derived from patients, causing him to substantially underreport his total income from the dental practice on his 2004, 2005, and 2006 federal income tax returns by more than $500,000 and to falsely claim a tax refund on his 2004, 2005, and 2006 tax returns.

On or about September 26, 2007, the IRS selected Defendant's tax return for audit. On or about January 31, 2008, Defendant met with an IRS Revenue Agent conducting the audit and made materially false statements in connection with the audit of said tax return, namely falsely representing to the Revenue Agent that he accurately reported his income when, in fact, he knew he did not accurately report his income. Defendant knew he had earned substantially more income over the three-year period (2004, 2005, 2006) than he had reported to the IRS.

With respect to his 2006 federal income tax return, Defendant hereby admits a substantial income tax was due and owing from Defendant in addition to the tax that was declared on his 2006 federal income tax return. Defendant further admits that his materially false statement to an IRS Revenue agent recounted above was an affirmative attempt to evade or defeat his income tax and that his actions were in all respects

12



10798981.1

voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, and/or other innocent reason.

Defendant admits that he substantially understated his income and tax liability as follows:

| Year | Amount of Intentionally Understated Income | Additional Tax Due and Owing |
|---|---|---|
| 2004 | $113,615 | $44,330 |
| 2005 | $175,044 | $67,501 |
| 2006 | $232,984 | $77,830 |
| Total | $521,643 | $189,661 |

(9)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 6th day of February, 2014.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

Melvin E. Hyde, Jr.

BY: _____
CHARLES M. EDGAR, JR.
JUSTIN K. GELFAND
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION
CRIMINAL ENFORCEMENT SECTION, SOUTHERN

13

I, DAYO OBEBE, have read this agreement and had this agreement read to me by my attorney, RICHARD RICE. I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

_____
DAYO OBEBE
DEFENDANT

I, RICHARD RICE, attorney for Defendant DAYO OBEBE have explained the Information and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
RICHARD RICE
ATTORNEY FOR DEFENDANT

10798981.1